BARTON *vs.* M'KINNEY'S adm'rs.

Stewart &
Porter.
3sp 274
136  610

BARTON *versus* M'KINNEY'S Adm'rs.

1. The statutes of this State, authorising security for costs, do not prescribe the manner in which it shall be given; and one, of whom such security is required, may legally execute a bond, in compliance with the law —and judgment, on motion, may be had against him on the bond.

2. Under the 9th section of the act of 1807,* authorising judgments, on motion, against sureties, for costs, it is not required that notice should be given to the surety: and when such notice is given, it is not error that the judgment is rendered on a different day, than that on which the notice states the motion will be made.

3. In a proceeding, by motion, against a surety for costs, under the statute, nothing will be taken by intendment; and every fact must appear in the record, necessary to insure a recovery.

4. So, it must appear that the non-residence of the plaintiff, in the suit, of whom security be required, is the cause of the suretyship.

In this case, Barton, the surety of John M'Kinney's executors, having executed a bond to the defendants in error, under a notice, issued under the statute, requiring security for costs, a judgment, on motion, on the bond, was rendered against him, in Tuskaloosa Circuit court. The record showed, that a suit was pending in that court between John M'Kinney's executors, and the administrators of Alfred M'Kinney; and that the latter required security for costs, which had been given, as above described. It did not appear, however, that the plaintiffs were non-residents, or that the court had permitted the security to be given on that ground. The plaintiffs in error relied

*See Aikin's Digest, page 262, §25.

on many alleged irregularities, which appear in the opinion of the court.

*Stewart*, for plaintiff—*Wilson* and *Ellis, contra.*

TAYLOR, J.—In this case, judgment was rendered by the Circuit court of Tuskaloosa county, upon motion, for $135 25, against the plaintiff in error, who was defendant below, as security for the plaintiffs, for costs in the case, wherein the executors of John M'Kinney were plaintiffs, and the administrators of Alfred M'Kinney, were defendants.

The record contains a notice by the defendants in this court, who were the plaintiffs below, to the plaintiff in error, Barton, that they should move, "on Monday, of the second week of the Tuskaloosa Circuit court, which court will be holden, &c., for judgment against you, for the amount of costs awarded us, and also for the fees due to the officers of the said court, upon a judgment rendered in our favor, for costs, at the March term of the said Tuskaloosa Circuit court, held in 1827, wherein *Benj. Dickinson, James M'Kinney* and *Sarah M'Kinney*, executors of *John M'Kinney*, deceased, (and who were non-residents,) were plaintiffs, and we, *John R. Drish*, administrator, in right of his wife, *Sarah R. Drish*, late *Sarah R. M'Kinney*, administratrix of *Alfred M'Kinney*, deceased, were defendants; in which case you were the plaintiffs' security for costs, and the same has not been paid."

The notice was executed by the sheriff, on the 27th March, 1830, and at the next term, a judgment was rendered in these words:

"And now, at this day, that is to say, at the term

of said court, held on the first Monday after the fourth Monday in March, in the year last aforesaid. In this case, (to wit, in the case of *John M'Kinney's* executors, vs. *Alfred M'Kinney's* administrators, aforesaid,) a motion having been made, on a preceding day of the present term, for a judgment against *Seth Barton*, who had been entered as security for costs, as appears by his bond, filed of record; and it further appearing that said costs have not been paid.— It is therefore considered, that the said defendants, administrators, as aforesaid, recover of said *Seth Barton*, the sum of one hundred and thirty-five dollars, and twenty-five cents, the costs aforesaid."

The bond, on which the motion was made, is copied into the record. It is executed to the plaintiffs for the sum of five hundred dollars. The condition recites the suit of *John M'Kinney's* executors, against the defendants in error, and concludes as follows:— " Now, if, on the final determination of said suit, the said *Seth Barton*, shall well and truly pay and satisfy all of the costs, which may be adjudged to the said *Sarah R. Drish*, administratrix, and *John R. Drish*, administrator, as aforesaid, against the plaintiffs aforesaid in said cause, then this obligation to be void, otherwise to remain in full force and virtue." Here the record ends.

I have probably been unnecessarily minute, in extracting from the record; but as it is short I preferred doing so, to secure distinctness, in the application of the opinion, to which we have arrived, to the facts as they appear in it.

The only statute which authorises judgments upon motion, against securities for costs, is the 9th section of an act, entitled " an act establishing the

fees of the several officers therein named," passed in February, 1807. That section is in the words following, to wit: "That every action at common law, or suit in chancery, commenced in the name of any person residing out of this territory, shall be dismissed, if security be not given, with the clerk of the court, from whence the process shall issue, or wherein it shall be depending, within sixty days after notice shall, at any time during such non-residence, have been given to the plaintiff, or his attorney, by some person interested, that such security is required for the payment of the costs, which may be awarded to the defendant, and also of the fees that are, or may become, due to the officers of the court; and after security shall be so given, and the fees not paid at the time the same become due, it shall, and may, be lawful, for the court in which the cause was commenced, to enter up judgment, on motion, against such security, and award execution accordingly."

There are five assignments of error, but as the fourth is a general one, it will not be considered.

The first is—" The said Barton, was not lawfully bound for the costs of said suit."

The manner in which a security shall bind himself for the costs, is not prescribed in the section which has been recited, nor in any other act. I can perceive no objection to the security giving bond, for the payment of the costs which may be incurred in the case. It certainly is not the only way in which he may bind himself; during term time, it may be done, and probably most conveniently, in the form of a recognizance, or simple acknowledgment of his suretyship, on the record. But the act of 1807, evidently contemplates the giving security in the re-

cess, as well as in term time, as it may be required by sixty days' notice, and in a case of this kind, there could be no better mode devised, nor probably so good a one, as by bond.

The second assignment is—"the motion was irregular, and should not have been heard, by the court."

Under this assignment, the plaintiff in error contends that, as the notice was, that the motion would be made on the second Monday of the term, the record should show that it was so made, and not doing so, there is error in this.

The statute above recited does not require that notice shall be given at all. The security seems to be considered as always in court, ready to defend the motion whenever it may be made; or the record is viewed as conclusive evidence of his indebtedness. I do not think it necessary that any notice should have been given, and the circumstance that one was given can make no difference. If, from any cause. the plaintiff below, failed to move for judgment, on the day specified, his right to make the motion without notice continued unimpaired, and he might proceed to exercise it.

The third assignment is, "The said Barton was not subject to the summary remedy, by motion on said bond." What has been said, on the first assignment, has, in a great measure, anticipated this. If an obligation, by bond, is embraced by the statute, of course, the mode of recovery, prescribed by it, includes that kind of obligation, also.

The fifth assignment is as follows: "The facts as stated in the record, did not warrant the court below, in rendering judgment against said Barton."

This court has often decided, what shall appear in the record, in one of these summary proceedings; and, it has uniformly been determined, that nothing will be taken, by intendment; but every material fact must appear in the proceedings of the inferior court.

The case of *Logwood et al.* vs. *Bank of Huntsville*,[a] may be viewed as a leading one. It was the first in time, and the principles settled by it, have always been adhered to. In that case, it was objected, that the record did not show, that the plaintiff in error, who had been the defendant below, had received ten days' notice; nor, that the certificate of the president of the bank, was produced in court, as evidence of the *bona fide* interest of the bank. The part of the charter, applicable to this objection, was in the following words: " If any person or persons shall be indebted to said corporation, as maker or indorser of any note, bill, or bond, expressly made negotiable and payable, at said bank, and shall delay payment thereof, it shall be lawful, for the corporation, after having given, at least ten days' notice thereof, and producing, to the court, before whom the motion is made, the certificate of the president of the bank, that the debt is really, and *bona fide*, the property of the bank, to move for judgment againt such debtor or debtors," &c.

On this point, the court said, " The record states, that, 'it further appearing according to the statute, in such case made, that the defendants have been duly notified, of this motion,' &c. The charter of the bank requires, that ten days' notice shall be given. How is it to be given? By the corporation, in its corporate capacity, and under its common seal, by which, only, it can act and be known.

[a] aMiner's R 23

"It does not appear, from any thing in the record, that the notice was so given, unless the court are so to intend, (as insisted, by the counsel for the bank,) from the words, "duly notified," in the record. In proceedings, according to the course of the common law, many defects in the record, will, after judgment, be cured, by the doctrine of intendment. But, wherever a summary remedy is given, by statute, those who wish to avail themselves of it, must be confined strictly to its provisions, and shall take nothing by intendment. The supervising court cannot infer, that notice, as required by law, has been given, unless it so appears in the record. Not to require this, would be to surrender to the court below, the power to judge, without appeal, of all the proceedings had before it.

"What has been said, with regard to the notice, may, with equal propriety, be applied to the certificate."

In the cases of *Childress* vs. *M'Gehee*,[a] and *Yancey and others* vs. *Hankins*,[b] the same doctrines are maintained.

In the latter case, the entry was thus: "It appearing to the satisfaction of the court, upon the appearance of the parties, by their attornies, that due notice has been given; and, that the sheriff," (Yancey,) "is liable for the amount of the following execution, to wit:

| | | | |
|---|---|---|---|
| *John Hankins* | } | Judgment, . . . . . | $153 35 |
| vs. | } | Costs, . . . . . . . | 12 62½ |
| *Patterson Rogers,* | } | | |
| | | | $165 97½ |

"Whereupon, it is considered by the court, that

[a] Miner's R 131
[b] Ib. 171

the plaintiff do recover against the said John Yancey, late sheriff; James Pickens, Mozea Rosseau, and John Fisher, his securities, the sum of one hundred and fifty-three dollars," &c.

The court, in this case, say, "in the case of *Logwood and others* vs. *the Bank of Huntsville*, this court recognised as an acknowledged principle, which will not be controverted, that, wherever a summary remedy is given by statute, those who would avail themselves of such statute, must be confined strictly to its terms, and shall take nothing by intendment.

"By adverting to the several acts of assembly, authorising a recovery, by motion, against a sheriff, and his securities, for delinquencies, of the nature of that, which seems to have been here charged; we find, that the motion must be made, in the court from which the execution issued: that three days' notice must be given to the defendants: that jurisdiction, in this mode, can be exercised, only, where the sheriff, having received the execution, fails to make due and timely return thereon; or, fails, on proper demand, to pay over the money, which he has collected, by virtue of the execution.

"From the principles above stated, it follows, that the facts or circumstances, which these statutes have made essential to the exercise of the summary jurisdiction, should be set forth in the record; so that the appellate court may see, that the delinquency charged, was such, as could be inquired into, on motion: and that this motion has been made before the particular court, empowered to hear and determine it."

Let us apply these decisions, to the present case.

The statute authorises security for costs, to be required of a non-resident plaintiff; and, if the fees

are not paid at the time they become due, judgment may be entered up, on motion, against the security.

Nothing, we have seen, by the decisions, so copiously quoted from, can be taken by intendment, against the defendant. It, therefore, cannot be inferred, from the bond, that the plaintiffs in the action, for the costs of which, the plaintiff in error became bound, as security, were non-residents. It is insisted, that this is a necessary consequence, as such security can only be required from non-residents.— Even were this admitted, it would not aid the defendants in error : they must bring themselves, "by the record," within the provisions of the statute. It should appear, that the non-residence of the plaintiffs in the case, to secure the costs of which, the bond was given, was the cause of its execution.— Neither does it appear by the record, that the suit, for the costs of which, Barton was security, had been terminated ; or, in the language of the statute, that, "the fees were due, and unpaid."

The counsel for the defendants in error, insist, that the motion may be made, against the security, pending the action, for the costs which have accrued. However that might be, in cases, usually, (but my opinion, as respects them, would be different,) it surely cannot be so, in this instance, when the bond sued on, binds the security to pay, "on the final determination of the suit." It should, therefore, be shown, by the record, that the suit was finally determined ; and, that costs had been adjudged against the plaintiffs, for whom Barton was the security.— The amount of the costs, for which the security was liable, should, also, appear to have been proved.

It is possible, if this were the only defect, enough

BARTON *vs.* M'KINNEY's adm'rs.

might be gleaned out of the record, to sustain the judgment.    The entry states, that the motion had been made, against the plaintiff in error, as security for the costs, in the case of *John M'Kinney's ex'rs* vs. *Alfred M'Kinney's adm'rs;* immediately after which, the judgment succeeds, thus, " it is, therefore, considered that the said defendants, administrators, as aforesaid, recover of said Seth Barton, the sum of one hundred, and thirty-five dollars and twenty-five cents, the *costs, aforesaid.*"    The amount of costs must have been ascertained, by proof; though, even this opinion, is liable to the objection, that it is arrived at " by intendment."    We have to infer, that the amount of the costs was proved to the court, else, it could not have been known: and, I should hesitate, after the decisions which have been referred to, before I would come to this conclusion.    It might have a tendency to disturb previous, and uniform determinations, which, unless they have been evidently wrong, should be carefully avoided.  It would have been very easy to make the record speak, a language, which could not be misunderstood.

The judgment is reversed.